

FILED
Feb 15, 2024
02:23 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **WILLIAM GRACE,** | ) | **Docket No. 2020-08-0917** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 61279-2020** |
| **IT'S ALL GOOD AUTO SALES,** | ) | |
| **Uninsured Employer.** | ) | **Judge Robert Durham** |

## EXPEDITED HEARING ORDER DENYING BENEFITS

In an Expedited Hearing on February 9, 2024, Mr. Grace asked for temporary total disability benefits from June 14, 2023, through the present. All Good countered that the authorized physician placed Mr. Grace at maximum medical improvement in June, and since he remains treating for pain management only, he is conclusively presumed to be at maximum medical improvement.

The application of Tennessee Code Annotated section 50-6-207(1)(E) (2020) controls the outcome of these opposing positions. For the reasons below, the Court holds that the statute applies, and Mr. Grace is not likely to establish entitlement to additional temporary disability benefits.

### History of Claim

Mr. Grace suffered a work-related right-ankle fracture in 2020. All Good did not have workers' compensation insurance, but Mark Goodfellow, owner of All Good, agreed to pay temporary total disability benefits at a compensation rate of $609.83, and he authorized treatment with orthopedist William Hester. Dr. Hester surgically repaired the fracture, but the union failed, and Mr. Grace developed arthritis. Dr. Hester then fused the ankle in 2021 using a plate and screws.

Mr. Grace continued to complain of pain, so Dr. Hester removed the hardware in January 2023. Despite this surgery, Mr. Grace still complained of severe right-leg pain. Dr. Hester then referred Mr. Grace to a pain management specialist, Andrew Dudas, M.D.

Dr. Dudas first saw Mr. Grace in April. He diagnosed chronic pain syndrome and

1

right-ankle pain. He prescribed pain medication and suggested he may consider nerve blocks in the future. At the time, he did not believe Mr. Grace suffered from complex regional pain syndrome but said he would reconsider the diagnosis if Mr. Grace's symptoms progressed.

After undergoing a functional capacity evaluation, Mr. Grace returned to Dr. Hester on May 24. Dr. Hester diagnosed right-ankle pain; he did not mention complex regional pain syndrome. He placed Mr. Grace on permanent sedentary work restrictions and said he could not return to his job duties at All Good. On June 14, Dr. Hester placed Mr. Grace at maximum medical improvement and assigned an 11% impairment.

Mr. Grace also continued to treat with Dr. Dudas. At the May 31 visit, Dr. Dudas diagnosed complex regional pain syndrome and recommended nerve blocks.

On October 10, Mr. Goodfellow offered through counsel to return Mr. Grace to work and accommodate all of Dr. Hester's restrictions. Mr. Grace's counsel responded by e-mail that if Mr. Goodfellow outlined a specific job offer, complete with pay and job duties, Mr. Grace would consider it.

In October, Mr. Grace returned to Dr. Dudas. He complained of worsening pain that was progressing up his right shin. The nerve block that Dr. Dudas recommended in May did not occur until November, although the parties dispute the reason for the delay.

On January 9, 2024, Mr. Grace's counsel wrote a letter to Dr. Dudas. In the letter, he said that Mr. Grace is not at maximum medical improvement until the "final authorized treating physician" says so. He also characterized Dr. Dudas's treatment as "active," given the injections and medication management, and said Mr. Grace is not at maximum medical improvement from "his overall recovery." He further asserted that Dr. Dudas had the "ultimate authority" to determine if Mr. Grace should continue receiving temporary disability benefits.

Based on these statements, he then asked Dr. Dudas whether Mr. Grace has reached maximum medical improvement and whether the doctor is providing "active interventional pain management" that will allow Mr. Grace to "reach a higher level of function." Dr. Dudas checked "yes" to these questions.

A few days later, Dr. Patrick Toy evaluated Mr. Grace at All Good's request. Mr. Grace complained of a burning sensation along his right ankle that worsened with activity. Dr. Toy believed that Mr. Grace might benefit from work hardening. He felt Mr. Grace could perform sedentary duties and probably some medium strenuous activities. He said the burning sensation sounded like "nerve type pain," and he would defer to the pain management doctor on this issue. He did not address maximum medical improvement .

2

On January 24, Mr. Grace returned to Dr. Dudas, where he saw a nurse practitioner. He informed her that the nerve block reduced his pain by 80%. However, five days later, his heel "buckled," and he began experiencing a new type of pain that radiated into his foot. He said Dr. Hester gave him steroids and told him it might be a new type of nerve problem but assured him it was not due to the nerve block.[1] Given the new complaints, the nurse practitioner recommended bilateral leg nerve conduction studies.

## Findings of Fact and Conclusions of Law

To obtain benefits, Mr. Grace must show a likelihood of prevailing at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1). The only issue is whether the law entitles him to additional temporary total disability benefits. Section 50-6-207(1)(E) says that employee shall be "conclusively presumed" to be at maximum medical improvement "when the treating physician ends all active medical treatment and the only care provided is for the treatment of pain[.]" The Court holds the presumption applies here, and Mr. Grace reached maximum medical improvement on June 14, 2023, thus precluding an award of additional temporary disability benefits at this time.

The Court gives little weight to Dr. Dudas's responses to the letter from Mr. Grace's counsel. His opinion as to whether Mr. Grace has reached maximum medical improvement is not relevant under section 50-6-207(1)(E). The question is whether Mr. Grace is receiving treatment other than pain management. Dr. Dudas's agreement that he is providing "active interventional pain management treatment" does not answer this question. Whether the treatment is "active" or not, it must be for more than helping Mr. Grace decrease or manage his pain. Finally, the Court assumes that the goal of all pain management therapies is to help the patient reach "a higher level of function" by controlling their pain.

Thus, the only relevant question is whether Mr. Grace is receiving treatment other than for pain, and therefore Dr. Hester's maximum medical improvement date of June 14, 2023, no longer applies. Dr. Hester determined maximum medical improvement after Dr. Dudas diagnosed chronic regional pain syndrome and recommended a nerve block. Further, Dr. Dudas's records do not show he provided any treatment except to minimize and manage Mr. Grace's pain through a nerve block and pain medication.

Finally, while Dr. Dudas's nurse practitioner diagnosed "new" nerve pain and recommended nerve conduction studies in the January 2024 office note, she is not a doctor, and Dr. Dudas did not sign the note. Additionally, no doctor has causally related this "new" pain to Mr. Grace's work injury.

This case is much like *Tolbert v. MPW Industrial Services, Inc.*, 2016 TN Wrk.

---

[1] Dr. Hester's record was not part of the file.

Comp. App. Bd. LEXIS 14, at *11-14 (Mar. 24, 2016).  In *Tolbert*, the employee's "treating physician" placed the employee at maximum medical improvement but ordered pain management.  The pain management doctor treated the employee for pain for several months and then released him, finding him to be at maximum medical improvement at his release.  The Appeals Board held that the conclusive presumption applied to the original doctor's maximum medical improvement date.  The law did not entitle the employee to additional temporary disability benefits because the only treatment offered was "trying to control the pain," and the employee was offered no treatment options other than pain management.  *Id*. at *13.

Based on the above, the Court holds that Mr. Grace has not shown he is likely to prove he did not reach maximum medical improvement on June 14, 2023.  Thus, his claim for additional temporary disability benefits under section 50-6-207(1) is denied at this time.[2]

IT IS, THEREFORE, ORDERED THAT:

1.  All Good shall continue to pay for reasonable and necessary medical treatment of Mr. Grace's work-related injury.

2.  This case is set for a Scheduling Hearing on **March 27, 2024, at 9:00 a.m. Central Time**.  The parties must call 615-253-0010.  Failure to appear might result in a determination of the issues without the party's participation.

**ENTERED February 15, 2024.**

_____
**ROBERT DURHAM, JUDGE**
**Court of Workers' Compensation Claims**

---

[2]Given these findings, the Court need not address whether Dr. Dudas is a "treating physician" as contemplated by section 50-6-207(1)(E) or whether All Good made a reasonable offer to return Mr. Grace to work in October.

**APPENDIX**

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. December 5 Request for Expedited Hearing
4. Motion in Limine
5. Mr. Grace's Pre-Hearing Brief
6. All Good's Pre-Hearing Statement
7. Motion to Strike

Exhibits:
1. Mr. Grace's affidavit
2. Mr. Grace's submission of medical records
3. All Good's submission of medical records
4. Dr. Dudas's questionnaire response
5. Emails about Dr. Dudas's treatment
6. October 10 letter outlining job offer
7. Email in response to October 10 letter

**CERTIFICATE OF SERVICE**

I certify that a copy of the Order was sent as indicated on February 15, 2024.

| Name | Mail | Email | Service sent to: |
|------|------|-------|------------------|
| Jonathan L. May | | X | jmay@forthepeople.com |
| Newton Anderson | | X | sna@spicerfirm.com |

_____
**PENNY SHRUM, Court Clerk**
WC.CourtClerk@tn.gov



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____          ☐ Motion Order filed on _____

☐ Compensation Order filed on_____          ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____
*[Signature of appellant or attorney for appellant]*